Wightman and Earle, J. J., concurred.
Obomptob, J., while disapproving of some observations of Lord Campbell, said that, “the word willfully, which is used in the judgment in' Pickard v. Sears, has been well commented on in the judgment in Freeman v. Cooke. As the rule is there explained, it takes in all the important commercial cases in which a representation is made, not willfully in any bad sense of the word, not malo animo, or with the intent to defraud or. deceive, but so far willfully, that the party making the representation on which the other acts, means it to be acted upon in that way. That is the true criterion, and, as I said before, I think in the present case the two ingredients are wanting.” (See the note at the end of that case, as reported in 75 Eng. Com. Law R., p. 13.)
Applying the rule, as it is stated in this case, or in the cases in our own courts, cited, (supra,) the defendant is not precluded from showing the facts to be as he insisted they were.
*20 In Blake v. Tucker, (12 Vermont R., 44,) the court said, that whenever the application of the doctrine of estoppel would be likely to defeat the principle on which it rests, to effect justice and prevent wrong, it becomes the duty-of the courts to prevent its application; and several cases were there cited which were decided on that principle.
"What has been thus far said, has been said upon the assumption, that if the defendant was concluded from alleging that the agreement of rescission, so called, was written at the foot of the paving contract, then that agreement would import that Bushnell was bound to pay any balance that might be owing for paving at its date, in money.
We are not satisfied, however, that this is the true view. By that agreement, Pearson, who alone signed it, says: “In consideration of $100, to me paid, by O. Bushnell, I hereby cancel, give up, and put an end to the above contract.”
This imports, that Pearson, for $100, then paid to him, gave up the contract and all claims under it.
If construed in light of the facts existing at the time it was made, the conclusion would be the same. Mr. Pearson testified: “ I received certificates and pay for Bridges Knoll, up to the summer of 1854; some work I did at the close, for which I did receive pay; it amounted to about $100; I was paid for all the work done on the Bridges and Shortland blocks, except about $100 which was not measured up; the $100 paid on the cancellation of the grading contract, about made us square on this contract, and it was paid when the contract ended.”
Thus it would seem to have been the understanding of Pearson and Bushnell, that payment by the latter, and acceptance by the former of the $100, put an end to all claims of either against the other, under the grading contract.
.If the cancellation agreement imports that the contract, •at the foot of which it was written, was thereby extinguished, and that all claims of either against the other, *21 under it, were also extinguished; then the exhibition of this agreement, as being written on the paving contract, could not have misled the plaintiffs—they have been misled, if at all, by their erroneous construction of its import and effect.
But suppose it does not import an extinguishment of all claims of either against the other, under the contract on which it is written, still, it is quite certain that Bushnell does not, thereby, in terms, contract to do anything.
If there was in fact a cotemporaneous agreement on his part, to pay for all the work that had been done, on what principle is either party precluded from showing what that agreement was, and whether it stipulated for payment in money or property; or for payment presently or at a future day?
Writings which, on their face, import a clear expression of what the parties have agreed upon, cannot be contradicted or varied by parol.
But when the writing does not import that, and is on its face an incomplete contract, or is the contract on the part of one party only, the contract on the part of the other party may be shown by parol, if it is not essential to its validity that it should be in writing. The cases on this subject are collected in Cowen and Hill’s and Edwards’ Notes, vol. 2, pp. 669, 670, and 671. Potter v. Hopkins, (25 Wend., 417,) was decided on this rule.
It certainly will be difficult to find any authority to the effect, that the contract, and the cancellation agreement at the foot of it, import an undertaking on the part of Bushnell, to pay any balance then owing for work done under the contract, in money. And until that proposition can be sustained, there is no rule or principle which precludes him from showing the agreement made, as to the manner in which that balance should be paid.
In any view that can be taken of the case as now presented, the verdict must be set aside, and a new trial ordered, with costs to abide the event.
Ordered accordingly.